UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

MARGARET GEORGIOU and
  GEORGE GEORGIOU, Co-Guardians
  for DUSTIN L. WEBB,                                    CIVIL ACTION NO.:

         Plaintiffs,
  v.                                                     JUDGE:

COUNTY OF IOSCO, IOSCO COUNTY
  SHERRIF'S DEPARTMENT, ROBERT
  STUDLEY MAY, D. O, (a/k/a Bob May),


         Defendants.
                                                         **COMPLAINT**

_____/
DALE M. SMITH (P38619)
Attorney for Plaintiffs
808 East Maple Street
Holly, MI 48442 (248) 634-7831
dmslawyer@att.net

**Common Allegations**

1. That this action arises under 42 USC 1983.

2. That jurisdiction is conferred by 28 USC 1331, 1343(a)(3), and (4).

3. That Plaintiffs are husband and wife are duly appointed Co-Guardians for DUSTIN L. WEBB.

4.  That Plaintiffs and DUSTIN L. WEBB (hereinafter "WEBB") reside in the Township of Springfield, County of Oakland and State of Michigan.

5.  That Defendant COUNTY OF IOSCO (hereinafter "COUNTY") is a Michigan municipal corporation.

6.  That Defendant IOSCO COUNTY SHERIFF'S DEPARTMENT (hereinafter "SHERIFF") is an agency acting under auspices of the COUNTY.

7.  That Defendant ROBERT STUDLEY MAY, D. O. (hereinafter "MAY") is an osteopathic doctor licensed to practice in the State of Michigan whose last known address is 1521 Douglas Drive, Tawas City, MI 48763-9440.

8. That when the events alleged in this Complaint occurred in Iosco County, Defendants were acting within the scope of their employment and under color of law.

9. That at all material times, Defendant COUNTY employed both Defendants SHERIFF and MAY and is liable for their acts. The county is also liable because of its policies, practices, and customs, which led to this complaint of violation.

10. That on or about January 3, 2023, Defendant MAY physically assaulted WEBB by pulling him from the hospital bed and slamming him into a metal table whereby breaking bones in WEBB's face and causing WEBB to suffer a closed head injury.

11. That Defendant SHERIFF tazed WEBB, while in a totally incoherent state, for peeing on a wall.

12.  The tazing dropped WEBB to the concrete floor with the back of his skull hitting first, causing a large laceration on back of his skull and causing a closed head injury.

13.  That as a result of this unprovoked attack upon WEBB, he received multiple injuries, including, but not limited to, the lacerations, bruising and the closed head injury.

14. That despite the life-threatening nature of WEBB's injuries, the COUNTY, SHERIFF and MAY detained WEBB for a long period of time and delayed in seeking and providing medical treatment to WEBB.

15. That on or about January 4, 2025, WEBB appeared in court in Iosco County on unwarranted charges coming from unknown sources.

16. That WEBB was not allowed to wear any underwear and was only dressed in very lose fitting prisoner clothing.

17. That because he was not properly adorned with adequate clothing, his pants fell completely to the floor exposing his lower extremities, his buttocks and his penis and showing a considerable amount of blood on WEBB's buttocks and lower back.

18. That this event was viewed by many who found it to be amusing, causing great humiliation and embarrassment to WEBB.

19. That WEBB has a result of the vicious assaults upon him, WEBB has been permanently damaged with a perforated nasal cavity that will never heal on its own.

**Count I**
**Fourth, Fifth, and Fourteenth Amendment Violations**

20. That Plaintiffs incorporate by reference paragraphs 1 through 19.

21. That WEBB's constitutionally protected rights that Defendants violated include the following:

   a.  the right to liberty protected in the substantive component of the Due Process Clause of the Fifth and Fourteenth Amendments, which includes personal safety, freedom from captivity, and a right to medical care and protection
   b.  the right to fair and equal treatment guaranteed and protected by the Equal Protection Clause of the Fourteenth Amendment

22. That Defendants, acting under color of state law, took WEBB into physical police

custody, not allowing WEBB's transfer by medical personnel to the hospital. In doing so, they established a special custodial relationship with WEBB, giving rise to affirmative duties on their part to secure for WEBB the constitutionally protected rights identified above.

23. That Defendant's violation of their affirmative duties, their intervention in preventing WEBB's transfer to the hospital, and the delay caused prevented others from providing WEBB's constitutionally protected rights when WEBB was unable to do so. This situation, while WEBB was under Defendant's custodial control, is a direct and proximate cause of the subsequent deprivation of Plaintiff's constitutional rights described above.

24. That Defendants, acting under color of state law and in concert with one another, by their conduct, showed intentional, outrageous, and reckless disregard for WEBB's constitutional rights. Further, their actions in detaining WEBB, given WEBB's medical condition, showed deliberate indifference to WEBB's serious medical needs and was a deprivation of WEBB's constitutionally protected rights.

25. That Defendant's delay in providing rescue personnel was done with knowing disregard of an excessive risk to WEBB's health or well-being.

26. That as a direct and proximate result of Defendant's conduct, WEBB suffered physical and emotional injury, a closed head injury, lacerations, bruising, loss of freedom, and other constitutionally protected rights described above.

27. That Defendant SHERIFF acting under color of state law, authorized, tolerated, ratified, permitted, or acquiesced in the creation of policies, practices, and customs, establishing a de facto policy of deliberate indifference to individuals such as WEBB.

28. That as a direct and proximate result of these policies, practices, and customs, WEBB was deprived of Plaintiff's constitutionally protected rights described above.

PLAINTIFFS REQUEST that this court enter judgment against Defendants in an amount consistent with the damages sustained and not less than $10,000,000.00.

## Count II
## Eighth Amendment Violations

29. That Plaintiffs incorporate by reference paragraphs 1 through 28.

30. That the Eighth Amendment of the U.S. Constitution provides, in pertinent part, that excessive bail may not be required nor excessive fines be imposed nor cruel and unusual punishments be inflicted.

31. That Defendant's decisions (a) to detain WEBB while knowing WEBB's medical condition and knowing that WEBB should be immediately transported to the local hospital facility, and (b) to take WEBB into their custody, creating a special relationship with WEBB, violated WEBB's constitutionally protected Eighth Amendment rights by exhibiting deliberate indifference to WEBB's serious medical needs.

32. That Defendant's decision to detain WEBB showed deliberate indifference to the serious medical needs of WEBB. This violated WEBB's constitutionally protected Eighth Amendment right to be free from cruel and unusual punishment.

33. That as a direct and proximate result of Defendant's actions, WEBB suffered physical and emotional injury, a closed head injury, loss of freedom, and other constitutionally protected rights described above.

PLAINTIFFS REQUEST that this court enter judgment against Defendants in an amount consistent with the damages sustained and not less than $10,000,000.00.

I declare under the penalty of perjury the statements above are true to the best of my information, knowledge and belief.

DATED: December 11, 2025                    /s/ Margaret Georgiou
                                            MARGARET GEORGIOU
                                            Co-Guardian for DUSTIN L. WEBB

DATED: December 11, 2025                    /s/ George Georgiou
                                            GEORGE GEORGIOU
                                            Co-Guardian for DUSTIN L. WEBB


DATED: December 11, 2025                    /s/ Dale M. Smith
                                            Dale M. Smith (P38619)
                                            Attorney for Plaintiffs