UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

MARGARET GEORGIOU and
  GEORGE GEORGIOU, Co-Guardians  for
DUSTIN L. WEBB,

      Plaintiffs,

v.

COUNTY OF IOSCO, IOSCO COUNTY
  SHERRIF'S DEPARTMENT, ROBERT
  STUDLEY MAY, D. O, (a/k/a Bob May),

      Defendants.

_____/

CIVIL ACTION NO.: 2-25-cv-13990

JUDGE: STEPHEN J. MURPHY, III

**PLAINTIFFS' MOTION TO AMEND
COMPLAINT**

DALE M. SMITH (P38619)
Attorney for Plaintiffs
808 East Maple Street
Holly, MI 48442 (248) 634-7831
dmslawyer@att.net

TIMOTHY S. FERRAND (P39853)
Attorney for County of Iosco and
  Iosco County Sheriff
19176 Hall Road, Suite 205
Clinton Township, MI 48038 (586) 228-5600
tferrand@cmda-law.com

DAVID C. WIEGEL (P57277)
Attorney for Robert S. May, D. O.
One Woodward Avenue, Suite 2400
Detroit, MI 48226 (313) 965-7415
David.wiegel@kitch.com

     NOW COME Plaintiffs, GEORGE GEORGIOU and MARGARET GEORGIOU, by and through their attorney, Dale M. Smith, and for their Motion to Amend Complaint state as follows:

1.  That they are the Plaintiffs in the above-entitled matter.

2. That on or about December 11, 2025, they filed their Complaint in this matter.

3. That Plaintiffs alleged in their Complaint that the COUNTY OF IOSCO employed both Defendants IOSCO COUNTY SHERIFF and ROBERT STUDLEY MAY, D. O., (hereinafter "MAY") and is liable for their acts.

4. That since the filing of the Complaint and the partial completion of discovery, Plaintiffs are now informed and believe that MAY was never an employee of the County of Iosco.

5. That this Motion is be made pursuant to *Federal Rules of Civil Procedure* 15 and 16 on the grounds that leave to amend should be liberally granted, and as the Court has not issued any pre-trial scheduling order stating a deadline to amend any pleadings that the more liberal standard of *Federal Rule of Civil Procedure* 15 should apply.

6. That, consequently, Plaintiffs would like to amend their Complaint by adding state law causes of action against MAY.

7. That Rule 15 of the ***Federal Rules of Civil Procedure*** **("FRCP")** states in pertinent part that,

*"A party may amend its pleading once as a matter of course within:*
*(A) 21 days after serving it, or*
*(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.*

*(2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."*

8. That under Rule 15(a), leave to amend should be granted as a matter of course, at least until defendant files a responsive pleading. After that point, leave to amend should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay. *Johnson v. Mammoth Recreations*, 975 F.2d 604, 607 (9th Cir. 1992) .

9. That once a pre-trial scheduling order has been issued the Court must look to the pre-trial scheduling order to determine what standards to apply to any motion to amend. *Johnson 975 F. 2d*, supra at 608.  However, since no pre-trial scheduling order has been issued which mentions any timetable for amending pleadings the more liberal standards of Rule 15 should apply.

10. That the Ninth Circuit Court of Appeal has stated that Rule 15's policy favoring amendments is applied liberally by us. *Ascon Properties, Inc. v. Mobil Oil Co*., 866 F.2d 1149, 1160 (9th Cir. 1989).

11. That leave to amend a pleading under Rule 15(a) is to be granted freely and with "extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987); see also *Foman v. Davis*, 371 U.S. 178, 182 (1962).

12. That Plaintiffs contend that, because justice requires their proposed amendment, the burden shifts to Defendants to convince the court why justice requires denial of leave to amend. See *Shipner v. Eastern Air Lines, Inc.*, 868 F.2d 401, 406-07 (11th Cir. 1989).

13. That as Plaintiffs did in fact notify the Court and counsel for Defendants that they did intend to file a motion for leave to amend their complaint the Court should grant their motion.

14. That a copy of their proposed first amended complaint is attached as Exhibit A.

WHEREFORE, Plaintiffs pray this Honorable Court to allow them to file a First Amended Complaint within 14 days of the entry of any order granting Plaintiffs' request.

I declare under the penalty of perjury the statements above are true to the best of my information, knowledge and belief.

DATED: June 16, 2026        /s/ Margaret Georgiou
MARGARET GEORGIOU
Co-Guardian for DUSTIN L. WEBB

DATED: June 16, 2026        /s/ George Georgiou
GEORGE GEORGIOU
Co-Guardian for DUSTIN L. WEBB

DATED: June 16, 2026        /s/ Dale M. Smith
Dale M. Smith (P38619)
Attorney for Plaintiffs

**EXHIBIT A**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

MARGARET GEORGIOU and
  GEORGE GEORGIOU, Co-Guardians  for
DUSTIN L. WEBB,

      Plaintiffs,

  v.

COUNTY OF IOSCO, IOSCO COUNTY
  SHERRIF'S DEPARTMENT, ROBERT
  STUDLEY MAY, D. O, (a/k/a Bob May),


      Defendants.

_____/
DALE M. SMITH (P38619)
Attorney for Plaintiffs
808 East Maple Street
Holly, MI 48442 (248) 634-7831
dmslawyer@att.net

TIMOTHY S. FERRAND (P39853)
Attorney for County of Iosco and
  Iosco County Sheriff
19176 Hall Road, Suite 205
Clinton Township, MI 48038 (586) 228-5600
tferrand@cmda-law.com

DAVID C. WIEGEL (P57277)
Attorney for Robert S. May, D. O.
One Woodward Avenue, Suite 2400
Detroit, MI 48226 (313) 965-7415
David.wiegel@kitch.com

CIVIL ACTION NO.: 2-25-cv-13990

JUDGE: STEPHEN J. MURPHY, III

**PLAINTIFFS' BRIEF IN SUPPORT OF
MOTION TO AMEND COMPLAINT**

## STATEMENT OF FACTS

Plaintiffs filed their Complaint against Defendants on or about December 11, 2025 with causes of action for violation of the Fourth, Fifth, Eighth and Fourteenth Amendments. Through discovery, Plaintiffs have learned that Defendant, ROBERT STUDLEY MAY, D. O., is not and never was an employee of the County of Iosco.

Plaintiffs have informed Defendants' counsel of their intention to request the Court to allow an amendment of Plaintiffs' Complaint. Counsel for the Defendants have not responded to Plaintiffs' request.

The Joint Status Conference Report was filed with the Court on March 15, 2026. At the Joint Status Conference held on March 18, 2026 the Court scheduled the trial date for May 25, 2027. The Court did not make any pre-trial scheduling order regarding any deadline for amended pleadings.

Plaintiffs contend that as the Court has not issued any pre-trial scheduling order stating a deadline to amend any pleadings that the more liberal standard of Federal Rule of Civil Procedure ("FRCP")15 should apply.

## LEGAL ARGUMENT

A. BECAUSE THE COURT DID NOT MAKE ANY PRE-TRIAL SCHEDULING ORDER REGARDING A DEADLINE TO FILE ANY AMENDED PLEADINGS, THE MORE LIBERAL STANDARDS OF RULE 15 OF THE FEDERAL RULES OF CIVIL PROCEDURE SHOULD APPLY

Rule 15 of the Federal Rules of Civil Procedure ("FRCP") states in pertinent part that, "A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."

Under Rule 15(a), leave to amend should be granted as a matter of course, at least until the defendant files a responsive pleading. After that point, leave to amend should be granted unless amendment would cause

prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay. Johnson v. Mammoth Recreations, 975 F.2d 604, 607 (9th Cir. 1992)

Once a pre-trial scheduling order has been issued the Court must look to the pre-trial scheduling order to determine what standards to apply to any motion to amend. Johnson 975 F. 2d, supra at 608. However, since no pre-trial scheduling order has been issued which mentions any timetable for amending pleadings the more liberal standards of Rule 15 should apply.

The Ninth Circuit Court of Appeal has stated that Rule 15's policy favoring amendments is applied liberally by us. Ascon Properties, Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989). Leave to amend a pleading under Rule 15(a) is to be granted freely and with "extreme liberality." DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987); see also Foman v. Davis, 371 U.S. 178, 182 (1962).

Plaintiffs contend that, because justice requires their proposed amendment, the burden shifts to Defendants to convince the court why justice requires denial of leave to amend. See Shipner v. Eastern Air Lines, Inc., 868 F.2d 401, 406-07 (11th Cir. 1989). And as Plaintiffs did in fact notify counsel for Defendants that they did intend to file a motion for leave to amend their complaint the Court should grant their motion. A copy of their proposed First Amended Complaint is attached as Exhibit "A."

B. THE PROPOSED FIRST AMENDED COMPLAINT MERELY CLARIFIES THE ITEMS THAT WERE DETAILED IN THE ORIGINAL COMPLAINT, AND THE CLAIMS RELATE BACK TO THE ORIGINAL COMPLAINT.

Plaintiffs contend that as counsel for Defendants stated that they reserved the right to file a motion for judgment on the pleadings that they should be granted leave to file an amended complaint, that their proposed amended complaint merely clarifies the items that were detailed in the original complaint, and that such clarification will in fact allow counsel for Defendants more details on all claims being asserted against Defendants. The claims in the proposed First Amended Complaint relate back to the original Complaint because they assert claims arising out of the conduct, transactions and occurrences that were set out, or attempted to be set out in the original complaint. See FRCP Rule 15[c](1)(B).

CONCLUSION

For the foregoing reasons, Plaintiffs requests that the Court grant their motion for leave to amend their complaint against Defendants.

I declare under the penalty of perjury the statements above are true to the best of my information, knowledge and belief.

DATED: July 6. 2026                                   /s/ Margaret Georgiou
                                                      MARGARET GEORGIOU
                                                      Co-Guardian for DUSTIN L. WEBB

DATED: July 6, 2026                                   /s/ George Georgiou
                                                      GEORGE GEORGIOU
                                                      Co-Guardian for DUSTIN L. WEBB

DATED: July 6, 2026                                   /s/ Dale M. Smith
                                                      Dale M. Smith (P38619)
                                                      Attorney for Plaintiffs

## DECLARATION OF PLAINTIFFS' COUNSEL

I, Dale M. Smith, declare as follows:

1.     I am over the age of 18 years and am the attorney for the Plaintiffs in the above-entitled action. I have personal knowledge of the matters set forth in this declaration, and if called as a witness could and would testify competently to the truth of the facts stated herein.

2.     I make this declaration in support of Plaintiffs' motion for leave to amend the complaint against Defendants.

3.     The original complaint that was filed on December 11, 2025

.

4.     On Item A(5) on the Joint Status Conference Report that was filed with the Court on March 15, 2026.

5.     I have contacted counsel for Defendants letting them know that I intended to file a motion for leave to amend the complaint.  So counsel for Defendants has been put on notice that I intended to request leave to amend.

6.     To the best of my knowledge the Court has not made any pre-trial scheduling order that provided for a deadline to file any amended pleadings.

7.     The First Amended Complaint attached hereto as Exhibit "B" and incorporated herein by reference merely clarifies the claims made in the original complaint and should in fact allow counsel for Defendants to better prepare for trial.

8.     I request that the Court grant this motion and allow me leave to amend the complaint.

I declare under penalty of perjury under the laws of the State of Michigan and the United States of America that the foregoing is true and correct.


DATED: July 6, 2026                                    /s/ Dale M. Smith
                                                                    Dale M. Smith (P38619)
                                                                    Attorney for Plaintiffs

**EXHIBIT B**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

MARGARET GEORGIOU and
   GEORGE GEORGIOU, Co-Guardians  for       CIVIL ACTION NO.: 2-25-cv-13990
DUSTIN L. WEBB,

       Plaintiffs,

  v.                                JUDGE: STEPHEN J. MURPHY, III

COUNTY OF IOSCO, IOSCO  COUNTY
SHERRIF'S DEPARTMENT, ROBERT
STUDLEY MAY, D. O, (a/k/a Bob May),

       Defendants.

**PLAINTIFFS' FIRST AMENDED
COMPLAINT**

_____/

DALE M. SMITH (P38619)
Attorney for Plaintiffs
808 East Maple Street
Holly, MI 48442 (248) 634-7831
dmslawyer@att.net

TIMOTHY S. FERRAND (P39853)
Attorney for County of Iosco and
  Iosco County Sheriff
19176 Hall Road, Suite 205
Clinton Township, MI 48038 (586) 228-5600
tferrand@cmda-law.com

DAVID C. WIEGEL (P57277)
Attorney for Robert S. May, D. O.
One Woodward Avenue, Suite 2400
Detroit, MI 48226 (313) 965-7415
David.wiegel@kitch.com

**Common Allegations**

1. That this action arises under 42 USC 1983.

2. That jurisdiction is conferred by 28 USC 1331, 1343(a)(3), and (4).

3. That Plaintiffs are husband and wife are duly appointed Co-Guardians for DUSTIN L. WEBB.

4. That Plaintiffs and DUSTIN L. WEBB (hereinafter "WEBB") reside in the Township of Springfield, County of Oakland and State of Michigan.

5. That Defendant COUNTY OF IOSCO (hereinafter "COUNTY") is a Michigan municipal corporation.

6. That Defendant IOSCO COUNTY SHERIFF'S DEPARTMENT (hereinafter "SHERIFF") is an agency acting under auspices of the COUNTY.

7. That Defendant ROBERT STUDLEY MAY, D. O. (hereinafter "MAY") is an osteopathic doctor licensed to practice in the State of Michigan.

8. That when the events alleged in this Complaint occurred, Defendants were acting within the scope of their employment and under color of law.

9. That at all material times, Defendant COUNTY employed Defendant SHERIFF and is liable for its acts. The county is also liable because of its policies, practices, and customs, which led to this complaint of violation.

10. That on or about January 3, 2023, Defendant MAY physically assaulted WEBB by pulling him from the hospital bed and slamming him into a metal table whereby breaking bones in WEBB's face and causing WEBB to suffer a closed head injury.

11. That Defendant SHERIFF tazed WEBB, while in a totally incoherent state, for peeing on a wall.

12. That the tazing dropped WEBB to the concrete floor with the back of his skull hitting first, causing a large laceration on back of his skull and causing a closed head injury.

13. That as a result of this unprovoked attack upon WEBB, he received multiple injuries, including, but not limited to, the lacerations, bruising and the closed head injury.

14. That despite the life-threatening nature of WEBB's injuries, the COUNTY, SHERIFF and MAY detained WEBB for a long period of time and delayed in seeking and providing medical treatment to WEBB.

15. That on or about January 4, 2025, WEBB appeared in court in Iosco County on unwarranted charges coming from unknown sources.

16. That WEBB was not allowed to wear any underwear and was only dressed in very lose fitting prisoner clothing.

17. That because he was not properly adorned with adequate clothing, his pants fell completely to the floor exposing his lower extremities, his buttocks and his penis and showing a considerable amount of blood on WEBB's buttocks and lower back.

18. That this event was viewed by many who found it to be amusing, causing great humiliation and embarrassment to WEBB.

19. That WEBB has a result of the vicious assaults upon him, WEBB has been permanently damaged with a perforated nasal cavity that will never heal on its own.

## Count I

### Fourth, Fifth, and Fourteenth Amendment Violations

20. That Plaintiffs incorporate by reference paragraphs 1 through 19.

21. That WEBB's constitutionally protected rights that Defendants COUNTY and SHERIFF violated include the following:

   a. the right to liberty protected in the substantive component of the Due Process Clause of the Fifth and Fourteenth Amendments, which includes personal safety, freedom from captivity, and a right to medical care and protection
   b. the right to fair and equal treatment guaranteed and protected by the Equal Protection Clause of the Fourteenth Amendment

22. That Defendants COUNTY and SHERIFF, acting under color of state law, took WEBB into physical police custody, not allowing WEBB's transfer by medical personnel to the hospital. In doing so, they established a special custodial relationship with WEBB, giving rise to affirmative duties on their part to secure for WEBB the constitutionally protected rights identified above.

23. That Defendants COUNTY and SHERIFFS' violation of their affirmative duties, their intervention in preventing WEBB's transfer to the hospital, and the delay caused prevented others from providing WEBB's constitutionally protected rights when WEBB was unable to do so. This situation, while WEBB was under Defendant's custodial control, is a direct and proximate cause of the subsequent deprivation of Plaintiff's constitutional rights described above.

24. That Defendants COUNTY and SHERIFF, acting under color of state law and in concert with one another, by their conduct, showed intentional, outrageous, and reckless disregard for WEBB's constitutional rights. Further, their actions in detaining WEBB, given WEBB's medical condition, showed deliberate indifference to WEBB's serious medical needs and was a deprivation of WEBB's constitutionally protected rights.

25. That Defendant COUNTY and SHERIFFS' delay in providing rescue personnel was done with knowing disregard of an excessive risk to WEBB's health or well-being.

26. That as a direct and proximate result of Defendant COUNTY and SHERIFFS' conduct, WEBB suffered physical and emotional injury, a closed head injury, lacerations, bruising, loss of freedom, and other constitutionally protected rights described above.

27. That Defendant SHERIFF acting under color of state law, authorized, tolerated, ratified, permitted, or acquiesced in the creation of policies, practices, and customs, establishing a de facto policy of deliberate indifference to individuals such as WEBB.

28. That as a direct and proximate result of these policies, practices, and customs, WEBB was deprived of Plaintiff's constitutionally protected rights described above.

PLAINTIFFS REQUEST that this court enter judgment against Defendants COUNTY and SHERIFF in an amount consistent with the damages sustained and not less than $10,000,000.00.

## Count II

### Eighth Amendment Violations

29.  That Plaintiffs incorporate by reference paragraphs 1 through 28.

30. That the Eighth Amendment of the U.S. Constitution provides, in pertinent part, that excessive bail may not be required nor excessive fines be imposed nor cruel and unusual punishments be inflicted.

31. That Defendant SHERIFF'S decisions (a) to detain WEBB while knowing WEBB's medical condition and knowing that WEBB should be immediately transported to the local hospital facility, and (b) to take WEBB into their custody, creating a special relationship with WEBB, violated WEBB's constitutionally protected Eighth Amendment rights by exhibiting deliberate indifference to WEBB's serious medical needs.

32.  That Defendant SHERIFF'S decision to detain WEBB showed deliberate indifference to the serious medical needs of WEBB. This violated WEBB's constitutionally protected Eighth Amendment right to be free from cruel and unusual punishment.

33. That as a direct and proximate result of Defendant SHERIFF'S actions, WEBB suffered physical and emotional injury, a closed head injury, loss of freedom, and other constitutionally protected rights described above.

PLAINTIFFS REQUEST that this court enter judgment against Defendants in an amount consistent with the damages sustained and not less than $10,000,000.00.

## Count III

### State Law – Assault and Battery

34.  That Plaintiffs incorporate by reference paragraphs 1 through 33.

35.  That Defendant MAY willfully and intentionally assaulted and battered WEBB by pulling him from the hospital bed and slamming him into a metal table whereby breaking bones in WEBB's face and causing WEBB to suffer a closed head injury.

36. That as a direct and proximate result of MAY's assault and battery of WEBB, WEBB suffered injury and damage, past, present, and future, including the following:

    a.   pain, suffering, and emotional distress
    b.   humiliation, mortification, and embarrassment
    c.   medical expense
    d.   actual wage loss and lost earning capacity
    e.   the necessity that he undergo multiple surgeries
    f.   permanent disability
    g.   impairment of bodily function

h.  other injuries and damages and consequences that are found to be related to the assault and battery that develop or manifest themselves during the course of discovery and trial

37.  That as a direct and proximate result of the assault and battery, WEBB has suffered a loss of society and companionship.

PLAINTIFFS REQUEST that this court enter judgment against Defendant MAY in an amount consistent with the damages sustained and not less than $10,000,000.00.

## Count IV

### State Law – False Imprisonment

38.  That Plaintiffs incorporate by reference paragraphs 1 through 37.

39.  That Defendant SHERIFFS' decisions to detain WEBB while knowing WEBB's medical condition and knowing that WEBB should be immediately transported to the local hospital facility amounted to false imprisonment and restraint were against WEBB's will.

40.  That Defendant SHERIFF'S accomplished the imprisonment and restraint by actual physical force, and the deprivation of WEBB's liberty and freedom was intentional, unlawful, unprivileged, and without probable cause.

41. That in addition to the initial restraint and deprivation of personal liberty and freedom of movement being unreasonable, the continued detention and investigation were unreasonable.

42. That as a direct and proximate result of Defendant SHERIFF'S false imprisonment, detention, and investigation, WEBB has suffered injury and damage including the following:

a.  physical injuries
b.  pain, suffering, and emotional distress
c.  lost wages
d.  posttraumatic stress disorder
e.  injuries to his reputation leading to pecuniary loss
f.  humiliation, mortification, and embarrassment
g.  other injuries or damages that are found to be related to the occurrence that appear or manifest themselves during the course of discovery and trial

PLAINTIFFS REQUEST that this court enter judgment against Defendant SHERIFF in whatever amount they may be found to be entitled, together with interest, costs, reasonable attorney fees, and other relief that the court deems just under the circumstances.

## Count V

### State Law – Intentional Infliction of Emotional Distress

43.  That Plaintiffs incorporate by reference paragraphs 1 through 42.

44. That Defendants' conduct as outlined above was intentional.

45. That Defendants' conduct as outlined above was extreme, outrageous, and of a character not to be tolerated by a civilized society.

46. That Defendants' conduct as outlined above was for an ulterior motive or purpose.

47. That Defendants conduct resulted in severe and serious emotional distress.

48. That as a direct and proximate result of Defendants' conduct, WEBB has been damaged in the manner outlined above.

PLAINTIFFS REQUEST that this court enter judgment in their favor against Defendants in whatever amount Plaintiffs are found to be entitled, together with costs and interest.

I declare under the penalty of perjury the statements above are true to the best of my information, knowledge and belief.

DATED: June 18, 2026  _____
MARGARET GEORGIOU
Co-Guardian for DUSTIN L. WEBB

DATED: June 18, 2026  _____
GEORGE GEORGIOU
Co-Guardian for DUSTIN L. WEBB

DATED: June 18, 2026  _____
Dale M. Smith (P38619)
Attorney for Plaintiffs