UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN

MARGARET GEORGIOU and
GEORGE GEORGIOU, Co-Guardians
for DUSTIN L. WEBB,

      Plaintiff,

v

COUNTY OF IOSCO, IOSCO
COUNTY SHERRIF'S
DEPARTMENT, ROBERT STUDLEY
MAY, D.O., (a/k/a Bob May),

      Defendant.            /

Case No.: 2:25-cv-13990-SJM-KGA

Hon.: Stephen J. Murphy, III

DALE M. SMITH (P38619)
Attorney for Plaintiff's
808 east Maple Street
Holly, MI 48442
(248) 634-7831
dmslawyer@att.net

TIMOTHY S. FERRAND (P39583)
Attorney for County of Iosco and Iosco
County Sheriff's Department
Cummings, McClorey, Davis & Acho
19176 Hall Road, Suite 205
Clinton Township, MI 48038
(586) 228-5600
tferrand@cmda-law.com
tlange@cmda-law.com        /

DAVID C. WIEGEL (P57277)
Attorney for Robert S. May, D.O.
Kitch Attorneys & Counselors, P.C.
One Woodward Ave., Suite 2400
Detroit, MI 48226
(313) 965-7415
david.wiegel@kitch.com

**DEFENDANT ROBERT S. MAY, D.O.'S RESPONSE TO
PLAINTIFF'S MOTION TO AMEND COMPLAINT,
BRIED IN SUPPORT AND CERTIFICATE OF SERVICE**

    NOW COMES the Defendant Robert Studley May, D.O., by and through its

attorneys, Kitch Attorneys & Counselors, P.C., and for its response to plaintiff's

motion to amend the complaint, states as follows:

Kitch Attorneys &
Counselors, PC
ONE WOODWARD
AVENUE, SUITE 2400
DETROIT, MICHIGAN
48226-5485

(313) 965-7900

DET02:4670484.v1

1.     This is an action in which plaintiffs, the co-guardians of Dustin Webb, allege that Mr. Webb was injured on January 3, 2023 during an incident at a hospital emergency department.

2.     Defendant submits that this Court should grant in part and deny in part plaintiff's motion to amend, for the reasons set forth in the brief below.

WHEREFORE defendant respectfully requests that this Honorable Court grant in part and deny in part, plaintiff's motion to amend the complaint, as follows:

a) Grant the motion, to the extent that it seeks to dismiss Counts I and II against defendant Dr. May;

b) Deny the motion, where it seeks to add Count III, assault and battery, and Count V, intentional infliction of emotional distress, against defendant Dr. May.

Respectfully submitted,

Kitch Attorneys & Counselors, P.C.

/s/ David C. Wiegel

By: _____
DAVID C. WIEGEL (P57277)
Attorney for Robert S. May, D.O.
One Woodward Avenue, Suite 2400
Detroit, MI 48226
(313) 965-7414

Dated: July 22, 2026

Kitch Attorneys &
Counselors, PC
ONE WOODWARD
AVENUE, SUITE 2400
DETROIT, MICHIGAN
48226-5485

(313) 965-7900

2

## BRIEF IN SUPPORT

**THIS COURT SHOULD GRANT IN PART AND DENY IN PART PLAINTIFF'S MOTION TO AMEND THE COMPLAINT, WHERE DEFENDANT MAY IS NOT A COUNTY EMPLOYEE AND THEREFORE EXISTING CLAIMS AGAINST HIM SHOULD BE DISMISSED, AND WHERE AMENDMENT AS TO PLAINTIFF'S NEWLY PROPOSED CLAIMS FOR ASSAULT AND INTENTIONAL INFLICTION ARE FUTILE**

Kitch Attorneys &
Counselors, PC
ONE WOODWARD
AVENUE, SUITE 2400
DETROIT, MICHIGAN
48226-5485

(313) 965-7900

3

DET02:4670484.v1

**TABLE OF AUTHORITIES**

CASES

- *Moss v. United States*, 323 F.3d 445, 476 (6th Cir. 2003) (quoting Fed. R. Civ. P. 15(a)).

- *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

- *Warren Consol Sch v WR Grace & Co*, 205 Mich App 580, 583-84; 518 NW2d 508 (1994).

- *Asher v Exxon Co, USA*, 200 Mich App 635, 638; 504 NW2d 728 (1993);

- *Wendel v. Ford Motor Co.*, No. 365678, 2024 Mich. App. LEXIS 6842, at *11-12 (Ct. App. Sep. 5, 2024).

- *Grochowalski v Detroit Automobile Inter-Insurance Exch*, 171 Mich App 771, 775-77; 430 NW2d 822 (1988).

- *Sawabini v. Desenberg*, 143 Mich. App. 373, 383-84, 372 N.W.2d 559, 565 (1985).

STATUTES

- 42 United States Code, § 1983
- MCL 600.5805(3).
- MCL 600.5851(1).

Kitch Attorneys &
Counselors, PC
ONE WOODWARD
AVENUE, SUITE 2400
DETROIT, MICHIGAN
48226-5485

(313) 965-7900

4

## **FACTS**

Plaintiffs, on behalf of Dustin Webb, filed the present litigation against Iosco County, the Iosco County Sheriff's Department and Robert Studley May, D.O.

Plaintiffs filed their initial Complaint December 11, 2025. In the initial Complaint, Plaintiffs alleged that the County employed the Sheriff and Dr. May. Plaintiffs allege that on January 3, 2023, May physically assaulted Webb. The Sheriff tasered Webb for peeing on a wall. Webb was injured and medical attention was delayed. Webb was then charged, appeared in Court without underwear, and his pants fell off. (Initial Complaint, Allegations 9-18).

Plaintiffs' initial Complaint was based on four legal theories. In Count I, Plaintiffs alleged Violations of the Fourth, Fifth and Fourteenth Amendments of the United States Constitution. In Count II, Plaintiffs alleged Eighth Amendment Violations.

Plaintiffs now seek to Amend the Complaint. The proposed Amended Complaint identifies the same Defendants. In the proposed Amended Complaint Plaintiffs assert that the County employs the Sheriff only – not Dr. May. Plaintiffs allege again that on January 3, 2023, May assaulted Webb. The Sheriff tased Webb for peeing on a wall. Webb was injured and medical care was delayed. On January 4, Webb appeared in Court without underwear and his pants fell off. (Amended Complaint, Allegations 9-18).

Kitch Attorneys &
Counselors, PC
ONE WOODWARD
AVENUE, SUITE 2400
DETROIT, MICHIGAN
48226-5485

(313) 965-7900

DET02:4670484.v1

The Amended Complaint contains the identical allegations in Count I and II. However, these amended allegations no longer mention Dr. May.  They are only claims against County and Sheriff. Plaintiffs claim the Amendment is necessary because after filing the Initial Lawsuit, Plaintiffs have learned that Defendant May is not employed by the County.

Plaintiffs also seek to add state law claims for Assault and Battery against Defendant May (Count III), False Imprisonment against the Defendant Sheriff's Department (Count IV), and Intentional Infliction of Emotional Distress against All Defendants (Count V).

## ARGUMENT

### A. Existing Claims Against Dr. May Should be Dismissed

This Court should grant in part plaintiff's motion to amend, to the extent that plaintiff seeks to dismiss existing claims against defendant, Dr. May.  Plaintiff's existing claims, Counts I and II, assert violations of Dustin Webb's constitutional rights.  Constitutional claims are only valid when the defendant is a governmental entity, i.e. so-called "color of law".  42 United States Code, § 1983. Section 1983 allows an individual to sue a state or local government official who has violated their constitutional rights.

Kitch Attorneys &
Counselors, PC
ONE WOODWARD
AVENUE, SUITE 2400
DETROIT, MICHIGAN
48226-5485

(313) 965-7900

6

Discovery has established, and plaintiff concedes, that Dr. May is not a county employee.  Defendants Iosco County and Sheriffs have responded to requests to admit that Dr. May is not and has never been their employee.  (**Exhibit A**.)  He is not a state or local government official.  Plaintiff's motion, paragraph #4, states that, "Plaintiffs are now informed and believe that May was never an employee of the County of Iosco."

As the existing claims against Dr. May are strictly constitutional, and Dr. May is not a county employee, the motion to amend should be granted in part to dismiss these claims.

## B. <u>Proposed Amended Claims Should be Denied as to Dr. May Due to Futility and Undue Delay</u>

This Court should otherwise deny plaintiff's motion to amend the complaint as to defendant, Dr. May.  Plaintiff seeks to add state claims of assault and battery and intentional infliction of emotional distress.  Amendment should be denied based on futility and undue delay.

"Federal Rule of Civil Procedure 15(a) states that leave to amend a pleading shall be freely given 'when justice so requires.'" *Moss v. United States*, 323 F.3d 445, 476 (6th Cir. 2003) (quoting Fed. R. Civ. P. 15(a)). "Denial may be appropriate, however, where there is 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies in amendments previously allowed

Kitch Attorneys &
Counselors, PC
ONE WOODWARD
AVENUE, SUITE 2400
DETROIT, MICHIGAN
48226-5485

(313) 965-7900

7

DET02:4670484.v1

undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.'" *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

1. **The proposed amendment of Assault and Battery violates the statute of limitations**

The statute of limitations for a civil claim of assault and battery is two (2) years. MCL 600.5805(3). This matter occurred on January 3, 2023. The statute of limitations expired on January 3, 2025. The original complaint was filed on December 11, 2025. Thus, even a claim of 'relating back' to the original complaint does not cure the violation of the statute. The claim is thus prima facia barred. An amendment is therefore futile.

Although the burden of proof generally "rests on a defendant to establish all the facts necessary to show that the period of limitation has expired," when "it appears that the cause of action is prima facie barred," the burden of proof shifts to "the party seeking to enforce the cause of action to show facts taking the case out of the operation of the statute of limitations." *Warren Consol Sch v WR Grace & Co*, 205 Mich App 580, 583-84; 518 NW2d 508 (1994). When "no facts are in dispute, the court must decide as a matter of law" whether the plaintiff met that burden and "the claim is statutorily barred." *Asher v Exxon Co, USA*, 200 Mich App 635, 638;

Kitch Attorneys & Counselors, PC ONE WOODWARD AVENUE, SUITE 2400 DETROIT, MICHIGAN 48226-5485

(313) 965-7900

DET02:4670484.v1

504 NW2d 728 (1993); *Wendel v. Ford Motor Co.*, No. 365678, 2024 Mich. App. LEXIS 6842, at *11-12 (Ct. App. Sep. 5, 2024).

It is anticipated that plaintiff will claim that the statute has not expired for reasons of 'insanity'. MCL 600.5851(1). However, section '2' of the statute states that 'insanity' only applies where the claimant does not comprehend his rights when the claim accrues. That does not appear to be the case here. As noted below, Dustin Webb knew exactly what he was doing at the time of the incident. The police reports demonstrate that his parents permitted him to be taken by the police on his own. His parents did not accompany him to the hospital to undergo the assessment and care. He had no one with him to make his decisions for him. Moreover, he was hoping that his actions would result in jail time, not admission to a hospital. (*See below –* **Exhibit D**.)

Accordingly, this is not a case of insanity. The statute of limitations remains expired. Amendment would be futile.

2. **The proofs for the proposed amendment of Intentional Infliction of Emotional Distress will never be met**

A claim of intentional infliction of emotional distress requires plaintiff to establish that defendant engaged in conduct "extreme and outrageous" that intentionally or recklessly caused severe emotional distress. The conduct must be so shocking that it goes beyond all possible bounds of decency. *Grochowalski v Detroit*

Kitch Attorneys &
Counselors, PC
ONE WOODWARD
AVENUE, SUITE 2400
DETROIT, MICHIGAN
48226-5485

(313) 965-7900

9

*Automobile Inter-Insurance Exch*, 171 Mich App 771, 775-77; 430 NW2d 822 (1988).

While discovery is in its infancy, the facts of this matter do not meet this standard. Plaintiff will never meet its proofs for this claim, making amendment futile. A Court can decide whether the facts meet the definition of the claim. *Sawabini v. Desenberg*, 143 Mich. App. 373, 383-84, 372 N.W.2d 559, 565 (1985).

According to Tawas City Police Report, **Exhibit B**, police were dispatched to the plaintiffs' home on January 3, 2023. The mother, plaintiff Margaret Georgiou, had requested that officers pick up Dustin Webb and have him transported to the hospital to undergo a mental health assessment.

Defendant Dr. May is the chief of emergency medicine at Ascension St. Joseph Hospital. Dustin Webb was brought to the hospital by the aforementioned Iosco Sheriffs, following a court order that he undergo a mental health assessment. The assessment was performed by a separate mental health professional. It was conducted in the hospital emergency department via telehealth. The assessment's conclusion determined that Dustin Webb was to be admitted to a psychiatric hospital. This was not a decision made by Dr. May, but rather the mental health professional.

Dr. May was tasked with informing Dustin Webb of the decision to admit him. He entered Webb's ER room and informed him of the decision. Webb spat on Dr.

Kitch Attorneys &
Counselors, PC
ONE WOODWARD
AVENUE, SUITE 2400
DETROIT, MICHIGAN
48226-5485

(313) 965-7900

DET02:4670484.v1

May's face.  (Hospital records, **Exhibit C** pg. 7, and Tawas City Police Report, **Exhibit D**.)  Webb then attacked Dr. May, attempting to strike him in the face.  He continued to try and assault the doctor as he defended himself.  Eventually other ER staff became involved and helped to subdue Dustin Webb.  Iosco Sheriffs, who brought Webb to the ER, returned, took him into custody, transported him to jail.

Dustin Webb had indicated to police prior to being brought to the hospital that he'd rather go to jail. (**Exhibit D.**)  Police later returned to the hospital to find staff attempting to detail Dustin Webb.  They detained him and took him away.  Webb asked police, "I'm going to jail right, hopefully?"  Webb then smiled and stated, "I did it" and laughed.  He asked, "Please can I go to prison." It was clear that he initiated the altercation with Dr. May in order to avoid being admitted to a psychiatric hospital.

Plaintiff has no contrary evidence to refute the account of Dr. May, hospital staff who had to become involved in the incident, as well as the police.  There are no witnesses listed by plaintiff to testify to the contrary.  (**Exhibit E**.)  Accordingly, amendment to add a claim of intentional infliction of emotional distress will be futile.

### 3.  <u>The amendment is sought with undue delay</u>.

This is a matter that occurred, at this point, more than three and a half (3 ½) years ago, on January 3, 2023.  Plaintiff has known of its claim for these past three

Kitch Attorneys &
Counselors, PC
ONE WOODWARD
AVENUE, SUITE 2400
DETROIT, MICHIGAN
48226-5485

(313) 965-7900

DET02:4670484.v1

and a half years.  The claim was certainly known at the time the complaint was filed in December 2025.

If plaintiff believed it had valid claims for assault and battery and intentional infliction of emotional distress, such claims could have been brought at the time of the original filing in December 2025.  There was no reason not to have plead them at the filing of the initial Complaint.  Nothing has occurred that caused plaintiff to 'discover' the validity of such claims.  The only discovery plaintiff has made is that existing claims of constitutional violations have been shown to be invalid, for the reasons stated above.  However, as to the alleged new claims, these could have been brought originally.  There has been no reason for a delay in bringing these claims.

Moreover, as time passes and delay occurs, witnesses lose independent memory of events, making it difficult for defendant to prepare its case and defenses.

WHEREFORE defendant respectfully requests that this Honorable Court grant in part and deny in part, plaintiff's motion to amend the complaint, as follows:

a) Grant the motion, to the extent that it seeks to dismiss Counts I and II against defendant Dr. May;

b) Deny the motion, where it seeks to add Count III, assault and battery, and Count V, intentional infliction of emotional distress, against defendant Dr. May.

Kitch Attorneys &
Counselors, PC
ONE WOODWARD
AVENUE, SUITE 2400
DETROIT, MICHIGAN
48226-5485

(313) 965-7900

12

DET02:4670484.v1

Respectfully submitted,

Kitch Attorneys & Counselors, P.C.

/s/ David C. Wiegel

By: _____
DAVID C. WIEGEL (P57277)
Attorney for Robert S. May, D.O.
One Woodward Avenue, Suite 2400
Detroit, MI 48226
(313) 965-7414

Dated: July 22, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2026, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Dale M. Smith (and) Timothy S. Ferrand.

Kitch Attorneys & Counselors, P.C.

/s/ David C. Wiegel

_____
DAVID C. WIEGEL (P57277)
Attorney for Robert S. May, D.O.

Kitch Attorneys &
Counselors, PC
ONE WOODWARD
AVENUE, SUITE 2400
DETROIT, MICHIGAN
48226-5485

(313) 965-7900

13

DET02:4670484.v1