UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARGARET GEORGIOU and GEORGE GEORGIOU,

Plaintiffs,

v.

ROBERT STUDLEY MAY, et al.,

Defendants.

Case No. 2:25-cv-13990

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR LEAVE TO AMEND [17]**

Plaintiffs Margaret Georgiou and George Georgiou, co-guardians of Dustin L. Webb, sued Defendants Robert Studley May, Iosco County, and Iosco County Sheriff's Department (the "Sheriff's Department") under 42 U.S.C. § 1983. ECF No. 1. Plaintiffs alleged Fourth, Fifth, Eighth, and Fourteenth Amendment violations against all Defendants due to their treatment of Webb while he was in the hospital and later in custody related to his appearance in Iosco County court. ECF No. 1, PageID.2–3. A few months into discovery, Plaintiffs moved for leave to amend the complaint. ECF No. 17. Plaintiffs proposed to dismiss the constitutional claims as to Defendant May and to assert three new state law claims. *Id.* at PageID.89–92. Defendants opposed the motion. ECF Nos. 20, 21. Plaintiffs did not reply. For the following reasons, the Court will grant in part and deny in part Plaintiffs' motion.

## BACKGROUND

Plaintiffs alleged that on January 3, 2023, Defendant May, an osteopathic doctor at the hospital, "physically assaulted WEBB by pulling him from the hospital bed and slamming him into a metal table." ECF No. 1, PageID.1–2. The assault allegedly broke bones in Webb's face and caused a closed head injury. *Id.* at PageID.2. Plaintiffs then alleged that Defendant Sheriff's Department "tazed WEBB, while [he was] in a totally incoherent state, for peeing on a wall," which caused Webb to fall to the concrete floor and hit the back of his head. *Id.* Despite Webb's serious injuries, Plaintiffs claimed that Defendants May, Iosco County, and Sheriff's Department "detained WEBB for a long period of time and delayed seeking and providing medical treatment to WEBB." *Id.*

Plaintiffs next alleged that Webb appeared in Iosco County court the next day[1] due to "unwarranted charges coming from unknown sources." *Id.* They claimed that Webb was "not allowed to wear any underwear and was only dressed in very [loose] fitting prisoner clothing." *Id.* As a result, Webb's pants fell, "exposing his lower extremities, his buttocks and his penis and showing a considerable amount of blood on WEBB's buttocks and lower back." *Id.* According to Plaintiffs, the episode caused "great humiliation and embarrassment to WEBB." *Id.* The complaint alleged that Iosco County employed both the Sheriff's Department and May, and that Iosco County's "policies, practices, and customs," led to the alleged injuries. *Id.*

---

[1] The complaint alleged that the court appearance took place on "January 4, 2025." ECF No. 1, PageID.2. The date was likely alleged in error. The Court assumes that Plaintiffs likely meant to allege January 4, 2023, instead.

Plaintiffs asserted that the foregoing events amounted to violations of the Fourth, Fifth and Fourteenth Amendment (Count I) as well as the Eighth Amendment (Count II) against all Defendants. *Id.* at PageID.2–3.

Through discovery, Plaintiffs learned that Defendant May was never employed by Iosco County. ECF No. 17, PageID.78; ECF No. 21-2. As a result, Plaintiffs moved for leave to amend the complaint, ECF No. 17, presumably because § 1983 actions may not properly be brought against non-governmental parties. *See* ECF No. 21, PageID.117–118. Plaintiffs' proposed amended complaint re-alleged the same factual allegations, except they no longer alleged that Iosco County employed May. *Compare* ECF No. 17, PageID.88–89, *with* ECF No. 1, PageID.1–2. It also re-alleged the same constitutional claims but dismissed Defendant May from them. *Compare* ECF No. 17, PageID.89–90, *with* ECF No. 1, PageID.2–3. Last, the proposed amended complaint added a state law claim for assault and battery against Defendant May (Count III), ECF No. 17, PageID.90–91, a state law claim for false imprisonment against Defendant Sheriff's Department (Count IV), *id.* at PageID.91, and a state law claim for intentional infliction of emotional distress against all Defendants (Count V), *id.* at PageID.91–92. Iosco County and the Sheriff's Department opposed the motion, ECF No. 20, as did May, ECF No. 21. Plaintiffs did not reply to the opposition.

## LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) provides that, after a responsive pleading is filed, a party may amend a pleading only with the written consent of the opposing party or leave of the Court. The rule also provides that "[t]he [C]ourt should

freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); *see Foman v. Davis*, 371 U.S. 178, 182 (1962). Six factors guide the Court's analysis on whether to grant leave to amend: (1) "undue delay in filing"; (2) "lack of notice to the opposing party"; (3) "bad faith by the moving party"; (4) "repeated failure to cure deficiencies by previous amendments"; (5) "undue prejudice to the opposing party"; and (6) "futility of [the] amendment." *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 458–59 (6th Cir. 2001) (quotation omitted).

A proposed amendment is futile if the amended complaint could not survive a motion to dismiss. *Skatemore, Inc. v. Whitmer*, 40 F.4th 727, 737 (6th Cir. 2022). As a result, the proposed amended complaint must allege facts "sufficient 'to raise a right to relief above the speculative level,' and to 'state a claim to relief that is plausible on its face.'" *Hensley Mfg., Inc. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). The district court must therefore "construe the complaint in a light most favorable to the plaintiff, accept all of the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010) (quotation omitted).

## DISCUSSION

Plaintiffs' proposed amended complaint added three new state law claims (Counts III–V). ECF No. 17, PageID.90–92. As a threshold matter, the Court has supplemental jurisdiction over the proposed state law claims because they "are so

related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367. Indeed, they are based on the same factual allegations asserted in the original complaint.

The Court will first address Plaintiffs' proposal to dismiss May from Counts I and II and then address the proposed state law claims in turn.

I. Constitutional Claims Against May

The proposed amended complaint no longer alleged that Defendant May was employed by Iosco County. *See* ECF No. 17, PageID.88–89. Accordingly, it no longer asserted the constitutional violations against May. *Id.* at PageID.89–90. The Court agrees that May, a private individual, is not a proper defendant for Plaintiffs' § 1983 claims. *See Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) ("A plaintiff may not proceed under § 1983 against a private party 'no matter how discriminatory or wrongful' the party's conduct." (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999))). Accordingly, the Court will grant Plaintiffs' motion for leave to amend the complaint to the extent it sought to dismiss the constitutional claims (Counts I and II) against Defendant May.

II. Assault and Battery (Count III)

The proposed amended complaint included a state law claim for assault and battery against Defendant May for the events that occurred at the hospital. ECF No. 17, PageID.90–91. The claim, however, is futile because it is time-barred. In Michigan, the statute of limitations for assault and battery is two years. Mich. Comp. Laws § 600.5805(3). And the statute of limitations begins to run when the claim

accrued: the date on which the alleged assault and battery occurred. *See Hison v. Lloyd*, No. 22-10943, 2023 WL 174974, at *3 (E.D. Mich. Jan. 12, 2023). In the complaint and the proposed amended complaint, Plaintiffs alleged that May committed assault and battery on Webb on January 3, 2023. *See* ECF No. 1, PageID.2; ECF No. 17, PageID.88. Thus, the statute of limitations for the claim ran on January 3, 2025. And Plaintiffs' complaint was, without dispute, filed long after that date. *See* ECF No. 1.

Under the Federal Rules of Civil Procedure, the statute of limitations for a claim added through an amended pleading "relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c). Here, the assault and battery claim relates back because it is based on the same factual allegations as in the original complaint. Even so, the original complaint was filed on December 11, 2025—eleven months after the statute of limitations ran.

The timeline of events shows that the assault and battery claim is "prima facie barred;" thus it is Plaintiffs' burden to "show facts taking the case out of the operation of the statute of limitations." *Warren Consol. Schs. v. W.R. Grace & Co.*, 205 Mich. App. 580, 583 (1994). But Plaintiffs did not discuss the statute of limitations at all. Plaintiffs have thus failed to meet their burden.

Defendant May raised an anticipated "insanity" defense under Mich. Comp. Laws § 600.5851(1) that Plaintiffs might raise to argue that the statute of limitations

has not run. ECF No. 21, PageID.120. The Court, however, need not address arguments that Plaintiffs did not raise. By not asserting an insanity defense—or any defense to the statutory argument—Plaintiffs have necessarily failed to meet their burden to show that the statute of limitations has not run. Accordingly, the Court will deny Plaintiffs leave to assert a state assault and battery claim.

III. False Imprisonment (Count IV)

Next, Plaintiffs added a state law claim for false imprisonment against Defendant Iosco County Sheriff's Department based on the allegation that the Sheriff's Department decided to intentionally detain Webb by physical force "while knowing WEBB's medical condition and knowing that WEBB should be immediately transported to the local hospital facility." ECF No. 17, PageID.91. Plaintiffs further alleged that "the continued detention and investigation" of Webb was unreasonable. *Id.*

The Sheriff's Department argued that the claim is futile because the department is immune from liability under the Michigan Governmental Tort Liability Act (GTLA), Mich. Comp. Laws § 691.1401 *et seq.* ECF No. 20, PageID.109. The GTLA provides that "a governmental agency is immune from tort liability if the governmental agency is engaged in the exercise or discharge of a governmental function." Mich. Comp. Laws § 691.1407(1); *see also Haliw v. City of Sterling Heights*, 464 Mich. 297, 302 (2001) ("It is well settled in [Michigan] that governmental agencies are immune from tort liability while engaging in a governmental function unless an exception applies." (citation omitted)). The grant of immunity "is broad." *Robinson v.*

*City of Detroit*, 462 Mich. 439, 455 (2000); *see also Cannon Twp. v. Rockford Pub. Sch.*, 311 Mich. App. 403, 875 (2015) ("The immunity from tort liability provided by [the GTLA] is expressed in the broadest possible language." (citation modified)).

To begin, the GTLA applies here as "[t]he Michigan Court of Appeals has indicated that a county sheriff's office is a 'governmental agency' under the GTLA." *Grady v. Washtenaw Cnty. Sheriff's Off.*, No. 22-cv-11142, 2022 WL 20621306, at *6 (E.D. Mich. Dec. 13, 2022) (citing *Niederhouse v. Palmerton*, 300 Mich. App. 625, 633–34 (2013)), *report and recommendation adopted*, 2023 WL 5671276 (E.D. Mich. Sep. 1, 2023). It is Plaintiffs' burden to establish that immunity should not be granted. A plaintiff "must initially plead his claims in avoidance of governmental immunity." *Odom v. Wayne Cnty.*, 482 Mich. 459, 478–79 (2008). There are two ways for a plaintiff to defeat immunity: the plaintiff must show that (1) "the agency acted outside the scope of that agency's governmental function," or (2) "an express statutory exception applies." *CB ex rel. Collier v. Lincoln Park Pub. Schs.*, No. 374376, 2026 WL 1360483, at *2 (Mich. Ct. App. May 14, 2026).

The GTLA broadly provides that " 'Governmental function' means an activity that is expressly or impliedly mandated or authorized by constitution, statute, local charter or ordinance, or other law" and includes "an activity performed . . . by a sworn law enforcement officer within the scope of the law enforcement officer's authority, as directed or assigned by his or her public employer for the purpose of public safety." Mich. Comp. Laws § 691.1401(b). Plaintiffs' burden on the governmental function prong is "very high" and "extremely difficult" to meet. *Genesee Cnty. Drain Comm'r*

*v. Genesee Cnty.*, 309 Mich. App. 317, 328 (2015). That point is so because courts look to the "general activity involved rather than the specific conduct engaged in when the alleged injury occurred." *Id.* (citation omitted). "In other words, if a governmental agency commits an intentional tort during the exercise or discharge of a governmental function, the governmental agency is immune from tort liability." *Id.*

Here, the "general activity" that the Sheriff's Department was allegedly involved in was the detention of Webb. *See* ECF No. 17, PageID.91. And Michigan courts have recognized that "the arrest, detention, and prosecution of persons suspected of having committed a crime and the decisions involved in determining which suspects should be prosecuted and which should be released" is "clearly governmental in nature." *Payton v. City of Detroit*, 211 Mich. App. 375, 392 (1995). Because Plaintiffs failed to present any arguments in support of why the alleged conduct by the Sheriff's Department here fell outside the scope of its governmental function, they have not met their burden on the governmental function prong.

Plaintiffs also cannot prevail on the statutory exception prong. There are six exceptions to immunity under the GTLA,[2] but they "are to be narrowly construed." *Robinson*, 462 Mich. at 455. On their face, none of the exceptions apply here. And, again, Plaintiffs did not make any arguments that demonstrated why any of the exceptions should apply. Thus, Plaintiffs have not met their burden on the statutory

[2] The exceptions are: (1) the "highway exception," Mich. Comp. Laws § 691.1402, (2) the "motor vehicle exception," § 691.1405, (3) the "public building exception," § 691.1406, (4) the "proprietary function exception," § 691.1413, (5) the "governmental hospital exception," § 691.1407(4), and (6) the "sewage disposal system event exception," § 691.1416–19.

exception prong either. Accordingly, the Court finds the Sheriff's Department is immune against the proposed false imprisonment claim. The Court must deny Plaintiffs leave to amend as to the false imprisonment claim as it would be futile.

IV. Intentional Infliction of Emotional Distress (Count V)

Last, the proposed amended complaint asserted a new claim for intentional infliction of emotional distress (IIED) against all Defendants. Plaintiffs claimed that Defendants' actions were "intentional," "extreme, outrageous, and of a character not to be tolerated by a civilized society," "for an ulterior motive or purpose," and "resulted in severe and serious emotional distress." ECF No. 17, PageID.91–92. In Michigan, a prima facie case for IIED requires a plaintiff to show: "(1) the defendant's extreme and outrageous conduct, (2) the defendant's intent or recklessness, (3) causation, and (4) the severe emotional distress of the plaintiff." *Walsh v. Taylor*, 263 Mich. App. 618, 634 (2004) (citing *Moore v. Detroit*, 252 Mich. App. 384, 389 (2002)).

At the onset, the claim is futile against the Sheriff's Department and Iosco County due to the governmental immunity under the GTLA for the same reasons set forth above. *See Haliw*, 464 Mich. at 302 ("The [GTLA] provides immunity for governmental agencies, including municipalities . . . .").

As to Defendant May, he argued that the claim is "futile" because "the facts of this matter do not meet [the standard for an IIED claim]." ECF No. 21, PageID.121. Whether a proposed claim is futile is analyzed under the same framework as a motion to dismiss. *See Skatemore*, 40 F.4th at 737. Thus, when it considers the IIED claim, the Court will accept Plaintiffs' factual allegations as true. *See Bassett v. NCAA*, 528

F.3d 426, 430 (2008). And the Court need not consider the evidence presented in Defendant May's response brief. *See* ECF No. 21, PageID.121–122; *Bassett*, 528 F.3d at 430 ("[Courts can only] consider the [c]omplaint and any exhibits attached thereto . . . ." (citation omitted)).

On the first element of an IIED claim, Plaintiffs made a prima facie showing that Defendant May's alleged actions were "extreme and outrageous." Conduct is "extreme and outrageous" if it is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *Roberts v. Auto-Owners Ins. Co.*, 422 Mich. 594, 608 (1985) (quoting Restatement (Second) of Torts § 46 cmt. d (A.L.I. 1965)).

In the original complaint and proposed amended complaint, Plaintiffs alleged that May "pull[ed] [Webb] from the hospital bed and slamm[ed] him into a metal table whereby breaking bones in WEBB's face and causing WEBB to suffer a closed head injury." ECF No. 1, PageID.2; ECF No. 17, PageID.88. Accepted as true, those facts are sufficiently "extreme and outrageous."

Plaintiffs' factual allegations, however, fall well short on the remaining IIED elements. The original complaint and proposed amended complaint are devoid of facts that show Defendant May intended to cause or recklessly caused Webb emotional distress or that Webb in fact suffered from severe emotional distress. *See generally* ECF No. 1, PageID.1–2; ECF No. 17, PageID.88–89. Rather, Plaintiffs merely pleaded conclusory allegations that "Defendants' conduct . . . was for an ulterior

motive or purpose" and that "Defendants conduct resulted in severe and serious emotional distress." ECF No. 17, PageID.92. But under the motion to dismiss standard, the Court need not credit a plaintiff's legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Accordingly, Plaintiffs' IIED claim is futile as to Defendant May as well.

Defendant May also argued that the IIED claim is futile due to undue delay given that the IIED claim could have been brought initially with the original complaint and rests on no new factual allegations. *See* ECF No. 21, PageID.122–123. The Court need not address the argument because it finds the claim futile for failure to state a claim. The Court notes, however, that in the Sixth Circuit, undue delay alone is typically not a sufficient reason to deny a motion to amend and usually requires an additional finding of prejudice. *See Moore v. Paducah*, 790 F.2d 557, 559–62 (6th Cir. 1986).

## CONCLUSION

For the foregoing reasons, the Court will grant in part and deny in part Plaintiffs' motion for leave to amend the complaint. Because there are no longer any claims asserted against Defendant May, the Court will dismiss May from the matter. Plaintiffs must file an updated amended complaint based on the instant order no later than fourteen days from the entry of this order.

**WHEREFORE**, it is hereby **ORDERED** that Plaintiffs' motion for leave to amend the complaint [17] is **GRANTED IN PART** to the extent it sought to dismiss

Defendant May from Counts I and II, and **DENIED IN PART** to the extent it sought to add Counts III, IV, and V.

**IT IS FURTHER ORDERED** that the claims in the complaint against Defendant May are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Defendant May is **DISMISSED** from the case.

**IT IS FURTHER ORDERED** that Plaintiffs must **FILE** an amended complaint based on the instant order **no later than fourteen days from the entry of this order**.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: November 4, 2026